IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

ARMON PINION #18491-056
F.C.I., Williamsburg,
P.O. BOX 340
Salters, SC, 29590
        Plaintiff,

v.    CIVIL ACTION NO._____

BUREA OF PRISONS,
WARDEN JOHN OWEN.
DR. LARANTH,
JOHN AND JANE DOES
        Defendants. ____/

## BIVEN'S ACTION LAW SUIT

NOW COMES, the plaintififf in the above Caption, Case number, submits this extraordinary "BIVEN'S ACTION" against federal officials, that seeks to "CONSPIRED-JOINTLY" against the named plaintiff, to had deprived him of immediately "MEDICAL TREATMENT" and trying very hard to "KILL" him behind bars, knowing that the plaintiff is undergoing severe "PHYSICAL PUNISHMENT" without his "STREET" prescribe medication, being withheld by prison officials.

The plaintiff respectfully request the "MERCY" of this Court, to issue a "WRIT OF MANDAMUS" to compel the Warden to transfer the plaintiff to a near by "OUTSIDE HOSPITAL" immediately, for a thorough Physical Examination and Medical Treatment.

## SUBJECT MATTER JURISDICTION

Jurisdiction is conferred upon this Honorable Court pursuant to Title 28 U.S.C. section 1331, 1332, 1361 and 2202, for this Honorable Court to take an extraordinary action against the B.O.P. Officials, grant to plaintiff relief requested and issue a declaratory judgment in this case, for the threats to cause injury to an inmate, that had a previously "STROKE."

## STATEMENT OF THE FACTS

The petitioner was convicted and sentence in the State of North Carolina, whereas Judge James C. Fox had sentenced the plaintiff to 10 years in prison, 3 years Supervised Release Term and a $100.00 Court Assessment Fine, for the charged criminal offenses "FELON IN POSSESSION OF A FIREARM BY A CONVICTED FELONY", in violation of Title 18 U.S.C. section 922 (g)(1) and 924 (c), which the plaintiff's case is pending on his direct appeal, in the 4th Circuit Court of Appeals.

The petitioner is a "HANDICAP" person in the "WHEEL-CHAIR" that was transported throught three (3) Institution with his outside precribed medication from his personal doctor and other prison officials had allowed him to take his medication daily, without any obstruction to a prison policy. Four (4) days after the plaintiff had arrived at F.C.I., Williamsburg, a prison medical doctor had ordered another medical personnel to "CONFISCATED" his pain pills and other prescribed medication, due to a prison policy that prohibit Mr. Pinion from having a "NARCOTIC PAIN PILL" and street medication on their compound.

Upon Mr. Pinion being seen by the prison Medical Staff, he was assigned to Doctor Massa. Dr. Massa had a small intake conference with Mr. Pinion, in which the conversation had lead up to the reason why Mr. Pinion's prescribed medication was taken away from him. Dr. Massa had explained to Mr. Pinion, that "the Bureau of Prison Policy dis-approve any street narcotics not approved by the Director in Washington, D.C." Now what I can do for you Mr. Pinion, is submit a special report to the Director of the Bureau of Prison and see if he would approve your prescribed medication, that is not on B.O.P.'s list.

On the contrary, other medical staffs had told Mr. Pinion, that "Dr. Laranth had stopped Dr. Massa from sending his Recommendation Report TO the Director, in regards to trying to get an approval of returning Mr. Pinion's medication back to him." Mr. Pinion had advised Warden John Owen about Dr. Laranth abused of discretion and disregards of Mr. Pinion's health concerns in person. Warden John Owen had talked to Dr. Laranth and Dr. Laranth had told the Warden, that "Mr. Pinion had cursed him out! The next moment that the Mr. Pinion had approached the Warden, the Warden had repeated the above statement of Dr. Laranth and asked Mr. Pinion "why he had cursed Dr. Laranth out?" Mr. Pinion had replied back, " I did not cursed Dr. Laranth out, that's just an excuse not to give me all of my street medication. Mr. Pinion had than filed an "INFORMAL RESOLUTION ATTEMPT" to his counsel, trying to further gain some relief and curtail the harassment. This administrative remedy has been pending since June 9th, 2010, and staff has yet to take any action within one month, nor have they treated Mr. Pinion.

-3-

4

CAUSE OF ACTION NO.1

Under Bureau of Prison Policies and Standard of Conduct, prison officials have an official duty to comply with all inmates medical needs, regards if the inmates become hostile, aggressive, verbal abusive towards any staff members and Title 18 U.S.C. section 3624 (d), as well as the B.O.P.'s Prison Hand book.  Mr. Pinion is sufferring a severe pain being in a "WHEEL-CHAIR" without any pain pills, no nurse to assist him daily, in the wrong institution, no physical therapy, and living in "FEAR OF HIS LIFE."  The B.O.P. officials has already failed to disregard Judge Fox recommendation in the Court Order, by requesting that Mr. Pinion be placed in a Medical Institution (Butner North Carolina).  The major facts in this case, is that, prison officials has never taken a proper "PHYSICAL EXAMINATION" of Mr. Pinion's body, to justified them taking his prescribed medication and substitute it with an "ASPRIRIN."  A Bureau of Prison policy cannot "INFRINGED" upon an inmates medical needs or cause an inmate to sufferred from "INADEQUATE MEDICAL TREATMENT."  See Farmer v. Brennan, _____ U.S. _____. See also, Bell v. Wolfish, 441 U.S. 520.  An inmate does not have to be actual injury or die in jail, before obtaining relief from a Federal Court.  See Norman Carlson (BOP) v. Green, 446 U.S. 14.  The reckless disregards for an inmates Constitutional Rights, subject him to "CRUEL AND UNUSUAL PUNISHMENT" in violation of his 8th Amendment Right. See Furman v. Georgia, 408 U.S. 238, 33 L. Ed 2d 346.  The plaintiff does not need to exhaust his administrative remedies, before obtaining any relief from a Constitutional claim, that has been irreparble denied.

-4-

CAUSE OF ACTION NO. 2

Mr. Pinion's trial lawyer had admitted to him during the Pretrial Stages, that he will "DIE IN JAIL, IF HE DIDN'T COOPERATE WITH THE GOVERNMENT" and it seems as through that conspiracy is taken place by prison officials "MISCONDUCT AND PLOT " to kill Mr. Pinion, by way of a "MEDICAL DEPRIVATION ASSASINATION." Mr. Pinion is unlawfully being detained in jail, in regards to a gun charge of being in "POSSESSION OF A FIREARM BY A CONVICTED FELON," violation of Title 18 U.S.C. section 922 (g)(1), which is unconstitutional on its face. Mr. Pinion's prior convictions was exposed in his indictment and Jury Trial, by a stipulation of his trial lawyer to assist the Government in showing Mr. Pinion's "BAD CHARACTER" to the Jury Members, for the sole purposes of obtaining an unlawful conviction, in violation of the Criminal Procedure Rule No. 403. See U.S. v. Coleman, 552 F. 3d _____ (D.C. Cir. 2009); see also, U.S. v. Daniel, 770 F. 2d 1111, 1116 (D.C. Cir.). A prior conviction cannot be used for Federal Enhancement Punishment, nor can it be substituted for an "ELEMENT IN THE INDICTMENT," because a prior conviction is not consider to be "PHYSICAL EVIDENCE FOUND AT A CRIME SCEME" at all. Res Judicata doctrine prohibit the Court from using prior convictions within a "SECOND PROSECUTION" and "RESURRECTED A SECOND PUNISHMENT" for an unlawful "REVOCATIONAL" process, without running "A FOUL ON THE DOUBLE JEOPARDY CLAUSE." See U.S. v. Tatum, 943 F. 2d 370 (4th Cir.); see U.S. v. Ragins, 840 F. 2d 1184 (4th Cir.); see also, North Carolina v. Pearce, 23 L. Ed. 2d 656.

-5-

Mr. Pinion was not on probation, parole or supervised release before being convicted on this new charged offense (18 U.S.C. section 922 (g)(1) and 924 (c), which makes the United States Sentencing Guidelines Manual 4A1.1 to be unconstitutional applied to his sole sentencing structure, which makes his imposed 10 years sentence to be invalid, in violation of the "EX POST FACTO CLAUSE." See Weaver v. Graham, 450 U.S. 24 (2000). The proposed U.S. Sentencing Guidelines contravened the "EX Post Facto Clause", changed the constitutionality of the law, as well as compelled Mr. Pinion to be serving a "STATE AND FEDERAL PUNISHMENT" under one "FEDERAL COURT ORDER", whereas the Bureau of Prison Officials are miscalculating Mr. Pinion's sentence, within a "CONSECUTIVELY" manner. See Whalen v. United States, _____ U.S. _____, An illegal sentence cannot keep Mr. Pinion in custody in violation of the Constitution, even if he had yet to exhausted his direct appeal or a 2241 Writ of Habeas Corpus. The statute in which Mr. Pinion was convicted for, is a "SHAM" statute and cannot be considered to be a "POSITIVE" Act of Congress statute. See U.S. v. Lopez, _____ U.S. _____. An unlawful arrest or false arrest, is a Civil claim to be address in a "BIVEN'S LAW SUIT", despite the conviction being over-turn. See Crews v. United States, 389 A. 2d 277 (1977). See also, Taylor v. U.S. Probation Office, et al., 409 F. 3d 426 (D.C. Cir. 2005)(unlawful confinement).

A prior conviction is not consider to be a criminal charge nor can it be consider to be filed as a "CRIMINAL COMPLAINT", that will give Law Enforcement Officers authority to arrest a person for "PROBABLE CAUSE. See Terry v. Ohio, _____ U.S. _____. A prior conviction is not a violation of an "ACT OF CONGRESS" under no degrees, so therefore, the plaintiff conviction and sentence is invalid, he is in custody under the authority of the U.S. Attorney General and the Bureau of Prison. See Title 18 U.S.C. section 4001. A prior conviction have a "BEGINNING AND ENDING DATE" and the "FINALITY" cannot be "INFRINGED" upon by federal judges, without running the "GAUNTLET TWICE." See United States v. Ragins, 840 F. 2d 1184 (4th Cir.). The plaintiff is being "HARASS" by prison officials to pay a Court Assessment Fine to the Bureau of Prisons Warden and he's being "EXTORTED", because if he refused to pay, he will lose some of his "CONGRESSIONAL PRIVILEGES", suchas a Halfway House Placement, etc. This Court Fine was imposed in the fashion of a "JUXTAPOSED SENTENCE" in violation of the Double Jeopardy Clause and an impermissively "DELEGATION OF POWER" to prison official, in violation of the "SEPARATION OF POWER" doctrine. See Mooney v. U.S., 838 A. 2d 710 (D.C. 2000) ( for the proposition that "imposition of jail sentence and fine constituted double jeopardy, where statute provide for either sentence or fine." (citing Ex Parte Lange, 85 U.S. [18 Wall], 163, 176, 21 L. Ed 872 (1874). For the above cause, the appellant's Court Order is "DEFECTIVE" and the sentence is invalid to keep the appellant confined behind bars, with respect of his 5th Amendment Right.

-7-

FALLS SHORT FROM BEING A CRIME.

## NO GOVERNMENT OFFICIAL IS ABOVE THE LAW

Our system of Jurisprudence rest on the assumption that all individuals, whatever their position in the Government, are subject to Federal Law.

" No man in this country is so High that he is above the law. No officer of the law may set that law at defiance with impunity. All the officers of the government, from the highest to the lowest, are creatures of the law, and are bound to obey it." See U.S. v. Lee, 106 U.S. at 220, 27 L. Ed. 171, 1 S. Ct. 240. Any Government officials whom seeks to "WAR AGAINST THE CONSTITUTION" or purposely deprived a citizens, inmate or Alien of a guaranteed protected Constitutional Rights, has committed an "ACT OF TREASON" against the United States and shallbbesu subject to "SEVERE PUNISHMENT" under Universal Law. See Title 18 U.S.C. section 2381, as well as Title 18 U.S.C. section 1503 and 1507. See Cameron v. Johnson, _____ U.S. _____. Also, any laws, Criminal Rules, Civil Rules, Sentencing Guidelines, Parole Guidelines, Prison Policies, Municipal Policies and Government's Regulations, in which had "CHANGED THE CONSTITUTIONALITY OF THE LAW" and violated a "CLEARLY ESTABLISHED FEDERAL RIGHTS," will be guilty of a "CONSPIRACY TO DEFRAUD THE CONSTITUTION", as well as the United States of America. See Title 18 U.S.C. section 371. These above acts are "HATE CRIMES" in America and anperson's "GOVERNMENT IMMUNITY PROTECTION CANNOT STAND," when he or she clearly "VIOLATED THE LAW." See Harlowe v. Fitzgeneral, _____ S. Ct. _____. (knowingly and purposely violating a person's Constitutional Rights).

-8-

The Sixth Amendment right to jury trial guarantees to the criminal accused a fair trial by a panel of impartial, indifferent jurors. See United States v. Edmond, 52 F. 3d 1080, 1094 (D.C. Cir. 1995). In Gomez v. United States, 490 U.S. 858, 109 S. Ct. 2237, 104 L. Ed. 2d 923 (1989), the Supreme Court identified voir dire as " a criminal stage of the criminal proceeding " because "[J]ury selection is the primary means by which a court may enforce a defendant's right to be tried by a jury "FREE" from ethnic, racial, or political "PREJUDICE," or predisposition about the defendant's culpability. Id. at 873 (internal citations omitted); see also Rosales-Lopez v. United States, 451 U.S. 182, 101 S. Ct. 1629, 68 L. Ed. 2d 22 (1981); see Federal Criminal Rule 24 (a). It is ... axiomatic that a state may induce, encourage or promote private persons to accomplish what it is constitutionally "FORBIDDEN" to accomplish. See Lee v. Macon County, 267 F. Supp. 458 (M.D. Ala., 1967).

The trial judge is "PROHIBIT" from "delegating his judicial power to Non-Judcial Officers, to resolve cases and controversies for the Court, whiled the judge sit on the Bench as a Referee in the courtroom. This is a clear violation of the "SEPARATION OF POWER" doctrine claim before this Court, whereas the trial judge had also violated his " CANON CODE NO. 3  DUTY TO UPHOLD THE LAW IN GOOD FAITH." See U.S. v. Johnson, 48 F. 3d 806, 807-08 (4th Cir. 1995). " Nothing in the Constitution grants judges to solely delegate their judicial function to private citizens or executive officials.

## DAMAGES

The plaintiff is seeks to sue the defendants and all "JANE AND JOHN DOES" in the official capacity of 33 Million Dollars and 100.000 dollars in their personal capacity for conspiring jointly to kill him, causing him extreme physical pains, mental torture, as well as physicalogical injury. The plaintiff is sufferring irreparable harm, without any doctor to depend on.

-10-

PRAYER FOR RELIEF

The plaintiff respectfully request that this Honorable Court will respect the plaintiff's Constitutional Rights being violated intentionally by prison officials, order the Warden to give the plaintiff his personal medication back to him and bring to case to "HALF-MASS", because the "NEEDLE POINT BOTH WAYS."

Respectfully submitted,

*Arman Pinson*

Executed on this 12 July, 2010.

—11—